Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | Sidney I. Schenkier |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3980 | **DATE** | 5/20/2002 |
| **CASE TITLE** | Kathleen Kessel and Beverly Meador vs. Cook County, *et al.* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION AND ORDER.** Plaintiffs' motion for leave to file a third amended complaint is denied insofar as it seeks to add Mr. Devane and Mr. Wallace as defendants; in all other respects, the motion for leave to file a third amended complaint is granted. Plaintiffs shall file their third amended complaint, as narrowed by this order, on or before 05/24/02. Defendants shall file their response to the third amended complaint on or before 06/13/02.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAY 2 1 2002 | |
| ✓ | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 146 |
| | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | 5/20/2002 date mailed notice | |
| JJK | courtroom deputy's initials | Date/time received in central Clerk's Office | JJK77 mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



MAY 2 2002

| | |
|---|---|
| KATHLEEN KESSEL and BEVERLY MEADOR, <br><br>Plaintiffs, <br><br>vs. <br><br>COOK COUNTY; COOK COUNTY SHERIFF'S DEPARTMENT; SHERIFF MICHAEL SHEAHAN, in his official capacity; and JIM GRAYES, individually, <br><br>Defendants. | No. 00 C 3980 <br><br>Magistrate Judge Schenkier |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on a motion by plaintiffs, pursuant to Federal Rule of Civil Procedure 15(a), for leave to file a third amended complaint (doc. # 104). The defendants – Cook County; the Cook County Sheriff's Department; Sheriff Michael Sheahan, in his official and individual capacities; and Ruben Cuevas, Edward Knight, Dan Romeo and Jim Grayes, solely in their individual capacities – oppose the motion on the grounds that the proposed amendments would be futile, that they are the product of undue delay, and that their allowance would cause undue prejudice. Pursuant to an order dated April 4, 2002, the presiding district judge has referred the motion to this Court for decision (doc. # 115). The motion has now been fully briefed, and after careful consideration, the Court GRANTS the motion insofar as it seeks to add certain additional allegations and claims, but DENIES the motion insofar as it seeks to add two new defendants to the case.



# I.

This lawsuit commenced on June 30, 2000, when plaintiff Kathleen Kessel filed a simple one-count complaint against Cook County, the Cook County Sheriff's Department, and Sheriff Sheahan (solely in his official capacity), alleging a claim under 42 U.S.C. § 1983 for sexual harassment. The complaint alleged that Ms. Kessel experienced severe and pervasive sexual harassment while employed as a investigator in the day-reporting unit of the Sheriff's Department. In response to the original complaint, the defendants moved to dismiss and for a more definite statement (doc. # 5). On September 7, 2000, the district judge allowed plaintiff leave to file a first amended complaint by September 25, 2000, and denied the motion for a more definite statement without prejudice (doc. # 7).

On September 25, 2000, a first amended complaint was filed that expanded the scope of both the parties and claims involved in the case. The first amended complaint added as a party plaintiff Beverly Meador and as a party defendant Jim Grayes (solely in his individual capacity), both of whom were – like Ms. Kessel – investigators in the day reporting unit of the Sheriff's Department, in the Department of Community Supervision and Intervention ("DCSI"). The first amended complaint expanded the claims to include a total of eight counts: a Title VII claim of sexual harassment by Ms. Kessel against Cook County and the Sheriff's Department (Count I); Section 1983 claims of sexual harassment asserted against all defendants both by Ms. Kessel (Count II) and by Ms. Meador (Count III); a claim by Ms. Kessel against Cook County and the Sheriff's Department for retaliation in violation of Title VII (Count IV); a claim brought by Ms. Kessel against all defendants for retaliation in violation of Section 1983 (Count V); supplemental state law claims brought by Ms. Kessel against Mr. Grayes for assault and battery (Count VI) and intentional

infliction of emotional distress (Count VIII); and a supplemental state law claim by Ms. Meador against Mr. Grayes for assault and battery (Count VII).

On November 6, 2000, Mr. Grayes moved to dismiss Count VII of the first amended complaint (doc. # 14); Mr. Grayes and the other defendants answered the remaining claims (doc. # 11). While the motion to dismiss was pending, the parties conducted limited discovery in preparation for a settlement conference that did not result in settlement of the case.

On April 4, 2001, shortly before the settlement conference was scheduled to take place, plaintiffs filed a motion for leave to file a second amended complaint (doc. # 44). Defendants opposed that motion, and after full briefing, on July 17, 2001, the district judge granted plaintiffs leave to file the second amended complaint (doc. # 54). The second amended complaint, once again, significantly expanded the scope of the case. Plaintiffs added claims against Sheriff Sheahan in his individual capacity, and named two other employees in the day reporting unit of DCSI as defendants in their individual capacities: Dan Romeo, the Monitoring Room Chief; Edward Knight, the Deputy Director of the Day Reporting Unit; and Ruben Cuevas, Director of the Day Reporting Unit. The second amended complaint repeated all of the claims set forth in the first amended complaint, and added two new ones: a claim by Ms. Meador against all defendants for retaliation in violation of Section 1983 (Count VI), and a supplemental state law claim brought by Ms. Kessel against Mr. Grayes for negligent infliction of emotional distress (Count X).[1] On September 7, 2001, Cook

---

[1] In her order granting leave to file the second amended complaint, the district judge denied Mr. Grayes's motion to dismiss Count VII of the first amended complaint (doc. # 54) – which was realleged in the second amended complaint as Count VIII. As it now stands, the claims and respective counts are as follows: Count I (Title VII sexual harassment by Ms. Kessel against Cook County and Sheriff's Dept.); Count II (Section 1983 social harassment against all defendants by Ms. Kessel); Count III (Section 1983 sexual harassment against all defendants by Ms. Meador); Count IV (Title VIII retaliation claim against Cook County and Sheriff's Department by Ms. Kessel); Count V (Section 1983 retaliation claim against all defendants by Ms. Kessel); Count VI (Section 1983 retaliation claim against all defendants by Ms. Meador); Count VII (supplemental claims against Mr. Grayes by Ms. Kessel); Count VIII (supplemental claims against Mr. Grayes

3

County and Sheriff Sheahan (in his individual capacity) filed a motion to dismiss (doc. # 68); Sheriff Sheahan (in his official capacity) and all other defendants answered the second amended complaint (doc. # 67). On September 26, 2001, the district judge set a briefing schedule on the motion to dismiss (doc. # 76), which is now fully briefed and pending ruling.

On April 13, 2001, while the motion for leave to file a second amended complaint was pending, this Court entered an order setting a discovery schedule. Pursuant to that order, all nonexpert discovery was scheduled to be completed by August 1, 2001, and all expert discovery was to be completed by September 21, 2001 (doc. # 46). To say that discovery in the case has been troubled would be an understatement. During the course of discovery, the parties have filed no fewer than 22 written motions over contested discovery matters -- nine by the defendants (doc. ##s 27, 82(1-2), 94, 96, 98, 132, 134, 136) and 13 by the plaintiffs (doc. ##s 51, 52, 62(1-4), 101, 106, 107, 108, 109, 121, 123).

In part because of these disputes, between June 2001 and January 2002, the Court extended the discovery deadlines four times. On June 14, 2001, the Court extended the deadline for expert discovery to November 19, 2001 (doc. # 49). On July 5, 2001, the Court extended the deadline for nonexpert fact discovery to October 1, 2001 (doc. # 53). On December 4, the Court extended the deadlines for nonexpert and expert discovery to February 18, 2002 and April 30, 2002, respectively (doc. # 91). Thereafter, on January 9, the Court extended the deadline for nonexpert fact discovery to March 4, 2002 (doc. # 92).

---

by Ms. Meador); Count IX (intentional infaction claim against Mr. Grayes by Ms. Kessel); Count X (negligent infliction claim against Mr. Grayes by Ms. Kessel).

On February 26, 2002, plaintiffs moved to further extend the discovery schedule (doc. # 101). In support of the request, the plaintiffs pointed to the need to finish certain outstanding discovery; the need for more time to prepare an expert report; and other conflicting professional and personal commitments of plaintiffs' counsel. Plaintiffs' motion did not indicate that they would seek to further amend the complaint.

On March 5, 2002, the Court entered an order setting what it intended as a final discovery schedule (doc. # 102). The Court extended the period for nonexpert discovery to May 6, 2002, for the sole purpose of taking certain specified depositions and resolving any outstanding discovery disputes, and extended the deadline for expert discovery to June 28, 2002. Among the depositions that the Court allowed to proceed during this extended period of discovery were those of David Devane, the Executive Director of DCSI, who had not yet been deposed, and William Wallace, the Deputy Executive Director of DCSI, who had been deposed on July 20, 2001.[2]

On March 27, 2002, plaintiffs filed their motion for leave to file a third amended complaint (doc. # 104). As was the case with the previous amendments to the complaint, plaintiffs' current proposed amendments seeks to expand both the claims and the parties. With respect to claims, the plaintiffs propose to add Ms. Meador to the Title VII claim of sexual harassment originally brought by Ms. Kessel alone (Count I); to combine in one count the Section 1983 sexual harassment claims previously brought in separate counts by Ms. Kessel and Ms. Meador (Count II); to add Ms. Meador to the Title VII retaliation claim previously brought by Ms. Kessel alone (Count III); to combine in

---

[2]The Court notes that, regrettably, these dates have been extended as well – with each side bearing some responsibility for the need to do so. On April 30, 2002, this Court extended the deadline to May 14, 2002 for plaintiff to complete the Rule 30(b)(6) depositions due to defendants' failure to present knowledgeable witnesses (doc. # 124), and extended the deadline for plaintiffs' expert disclosures to May 20, 2002 for that reason as well. On May 9, 2002, the Court indicated it would extend the time for defendants' expert disclosures due to additional time needed to depose Ms. Meador's treaters – some of whom were only recently disclosed (doc. # 133).

5

one count Ms. Kessel's and Ms. Meador's Section 1983 retaliation claims that were previously filed in separate counts (Count IV); to combine into one count the assault and battery claims that Ms. Kessel and Ms. Meador previously had separately pled against Mr. Grayes (Count V); and to retain the separate claims that Ms. Kessel filed against Mr. Grayes for intentional infliction of emotional distress (Count VI) and negligent infliction of emotional distress (Count VII). As the basis for adding Title VII claims by Ms. Meador, plaintiffs assert that Ms. Meador filed charges with the Equal Employment Opportunity Commission ("EEOC") on May 23, 2001 and June 6, 2001 raising claims of sexual harassment and retaliation, but did not receive a right to sue letter from the EEOC in connection with those charges until February 13, 2002 (Pls.' Motion at 1).

With respect to parties, plaintiffs seek to expand the complaint by adding Mr. Devane and Mr. Wallace as defendants, in their individual capacities, on the Section 1983 sexual harassment and retaliation claims. Plaintiffs assert that they waited until this time to seek leave to add Messrs. Devane and Wallace because "[d]efendants failed to disclose the extent of Devane's and Wallace's involvement until over eight (8) months after [the] filing of Plaintiffs' First Amended Complaint" (Pls.' Motion, at 2).

## II.

Federal Rule of Civil Procedure 15(a) provides that where, as here, an answer to the complaint has already been filed, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." It is well settled that this mandate to freely permit amendments "is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Gregg Communications Systems, Inc. v. American Telephone and Telegraph Co.*, 98 F.R.D. 715, 720 (N.D. Ill. 1983) (" liberal policy of granting amendments is based

in part on the belief that decisions on the merits should be made whenever possible, absent countervailing considerations"); WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL SECOND, Section 1471, at 505-06 (1990 ed.) ("the Rule's purpose is to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities").

That is not to say that leave to amend (and whatever change it seeks to work on the pleadings) is always permitted. Justice does not require an amendment to be granted when it is clear that there are good and compelling reasons to decline to do so, such as those specifically identified by the Supreme Court in *Foman*: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman*, 371 U.S. at 182. However, in the absence of such reasons, "the leave sought should, as the rules require, be 'freely given.'" *Id.* at 182. The decision as to whether leave to amend will be permitted is committed to the sound discretion of the district court. *Id.*

In this case, defendants oppose leave to amend on three grounds. *First*, defendants argue that insofar as the motion seeks to name Cook County a defendant, the motion should be denied on the ground of futility because Cook County cannot be held liable in the case (defendants' position being that the Sheriff's Department, and not Cook County, is the only proper public entity defendant) (Defs.' Response at 3-4). *Second*, defendants argue that the amendment should be denied insofar as it seeks to add Messrs. Devane and Wallace as defendants, on the grounds that plaintiffs have delayed too long in seeking to add those individuals and that adding them at this late date would cause prejudice to the defendants (*Id.* at 4-6). *Third*, defendants argue that the amendment should

7

be denied insofar as it seeks to add Title VII claims on behalf of Ms. Meador, on the ground that the late addition of those claims would cause them undue prejudice (*Id.* at 6-8).

The Court summarily rejects the futility objection. The proposed third amended complaint does not seek to add Cook County as a defendant for the first time. All three prior versions of the complaint in this case named Cook County (apart from the Cook County Sheriff's Department) as a defendant. The Court fails to see how defendants – with a straight face – can challenge the proposed third amended complaint based on an allegation in that pleading that is not new, but that has been a part of each of the three predecessor complaints. In any event, the defendants will not be prejudiced by allowing the claim against Cook County to be reasserted in a third amended complaint. To the extent that the defendants wish to challenge the viability of a claim against Cook County, that challenge already is before the district judge in the pending motion to dismiss directed to the claims against Cook County in the second amended complaint. The claims raised against Cook County are the same in both the second amended complaint and in the proposed third amended complaint. Thus, if defendants' position is meritorious (a matter on which this Court expresses no view), Cook County will be removed from the case – whether the case is pending on a second amended or a third amended complaint.

Defendants' challenges to the addition of Title VII claims asserted by Ms. Meador and to the addition of Messrs. Devane and Wallace as party defendants warrant further discussion. We address each of those challenges in turn.

### A.

The second amended complaint asserts Title VII claims of sexual harassment (Count I) and retaliation (Count IV) only on behalf of Ms. Kessel. Those claims are premised on the allegations

contained in paragraphs 1 through 76 of the second amended complaint. Based on those same allegations, the second amended complaint also sets forth Section 1983 claims of sexual harassment and retaliation, both on behalf of Ms. Kessel (Counts II and V) and Ms. Meador (Counts III and VI). Presumably, the reason that Ms. Meador did not assert Title VII claims as of the date plaintiffs sought leave to file the second amended complaint (April 4, 2001) was because she had not yet filed an EEOC charge or received a right to sue letter from the EEOC.

However in May 2001, Ms. Meador filed an EEOC charge, which she supplemented in June 2001 (Pls.' Motion, Ex. C). Thereafter, on February 7, 2002, the EEOC issued a right to sue letter (Pls.' Motion, Ex. D), which Ms. Meador says she received on February 13, 2002 (Proposed Third Amended Complaint, ¶ 10). Ms. Meador's EEOC charge alleged sexual harassment and retaliation. In a statement of "particulars" attached to the supplemental charge in June 2001, Ms. Meador alleged that she had been sexually harassed and had complained about it – which is also alleged in the second amended complaint. The statement of particulars specifies certain alleged acts of retaliation, as does the second amended complaint.[3]

Defendants do not assert that Ms. Meador is barred from ever asserting the Title VII claims she seeks to add to this case: the defendants have not argued that Ms. Meador's EEOC charge was untimely, or that Ms. Meador's assertion of the Title VII claims in this Court is untimely because it came too long after she received of the right to sue letter, or that the Title VII claims that Ms. Meador asserts are beyond the scope of her EEOC charge. Rather, what defendants argue is simply that Ms. Meador may not assert those Title VII claims in this particular lawsuit, because

---

[3]The specific alleged acts of retaliation set forth in the EEOC charge are not included in the second amended complaint, which is largely understandable: most of them occurred after April 4, 2001, the date on which plaintiffs filed their proposed second amended complaint.

9

discovery would have to be reopened to allow inquiry into the new factual allegations and reopening discovery would result in undue prejudice to them. The Court rejects the undue prejudice argument for the following reasons.

While Ms. Meador's assertion of Title VII claims is new, her core claims of sexual harassment and retaliation are not. Most of the allegations that Ms. Meador seeks to assert as Title VII violations already have been pled in the Section 1983 sexual harassment claim that Ms. Meador asserted in the second amended complaint. Those assertions have been in the case since July 2001, and the defendants have had ample opportunity to take discovery to prepare their defense to them. Therefore, we do not believe that defendants will suffer undue prejudice from having these facts asserted as the basis of a Title VII claim.

To be sure, the second amended complaint does contain allegations of conduct toward Ms. Meador that are not set forth in the second amended complaint. However, defendants do not argue that they have been blind-sided by these assertions, and would be hard pressed to do so. Two of the new allegations were set forth in the EEOC charge (*compare* Pls.' Motions, Ex. C *and* Proposed Third Amended Complaint, ¶¶ 80-81), and thus the defendants surely were aware of them. Some of the new allegations postdate the filing of the motion to file the second amended complaint, and thus plainly could not have been contained in that pleading (*see* Proposed Third Amended Complaint, ¶¶ 82-85). But, the second amended complaint asserted that the alleged sexual harassment and retaliation "reflect[ed] a *systematic* policy and practice of discrimination and constitute[d] a *continuing* violation" (Second Amended Complaint ¶ 4) (emphasis added). That allegation should have put defendants on notice that the plaintiffs would pursue, as part of their claim, future actions that they might assert were a part of that alleged "systematic" conduct.

10

Documents provided by defendants during discovery reflect that defendants understood this: the documents produced by the defendants include many that concern actions occurring after the date of the filing of the second amended complaint.

We recognize that all of the newly pled acts of harassment and/or retaliation allegedly occurred between March and August 2001, long before plaintiffs sought leave to add them to the case at the end of March 2002. Plaintiffs' explanation for their failure to add these new allegations sooner is that Ms. Meador did not get her right to sue letter until February 13, 2002 – and that after receiving it, she promptly sought leave to amend. While plaintiffs fairly may be criticized for not alerting the Court and the defendants to their plan to amend the complaint when plaintiffs filed their motion to extend discovery on February 26, 2002 (almost two weeks after Ms. Meador received her right to sue letter), the Court finds that it was not an undue delay to wait six weeks from the date of receiving the right to sue letter to seek leave to amend the complaint adding the Title VIII claims.

Moreover, even were the Court to accept the proposition that plaintiffs waited longer than they should have to add these new allegations to the pleadings, the Court would be reluctant to bar plaintiffs from adding them to the case on that ground alone, absent a showing of undue prejudice. *See, e.g., Chavez v. Illinois State Police*, 251 F.3d 612, 633 (7th Cir. 2001) (citing *Trestar v. Bd. of Regents of N. Ill. Univ.*, 711 F.2d 1387, 1391 (7th Cir. 1983) (delay alone insufficient reason to deny proposed amendment; there must be prejudice resulting from delay); *Bell v. Allstate Life Insurance Co.*, 160 F.3d 452, 454 (8th Cir. 1998) ("delay alone is insufficient justification [for denying leave to amend a complaint]; prejudice to the nonmovant must also be shown"). Defendants have failed to identify any real prejudice, undue or otherwise, that would stem from allowing the addition of Ms. Meador's Title VII claims. As explained above, defendants cannot claim they were blind-sided by

the attempt to add Title VII claims. Moreover, plaintiffs have disavowed any intent or need to take new discovery in connection with the new allegations in the third amended complaint, and thus allowance of the amendment to include Ms. Meador's Title VII allegations will not expose the defendants and their witnesses to a new round of documentary or deposition discovery.

Defendants nonetheless assert that they will be unfairly prejudiced because defendants will have to conduct further fact discovery; specifically, defendants claim they will need to depose Ms. Meador and her treating physicians (Defs.' Resp. at 7). These alleged concerns are make weight at best. Ms. Meador already has been deposed twice, with one of those sessions taking place on April 15, 2002 – several weeks after plaintiffs filed their motion for leave to amend the complaint to include these new allegations. We expect that defendants pursued questioning on the new allegations (their response to the motion does not squarely assert otherwise), and thus any further need to depose Ms. Meador on those allegations would be limited at best. As for the need to obtain discovery from treating physicians, amending the complaint will not reopen any previously closed discovery for the simple reason that defendants have not yet deposed any of plaintiffs' treaters. During a hearing on May 9, 2002, the Court gave defendants leave to depose seven of Ms. Meador's treaters; during that hearing, plaintiffs' counsel indicated that there were no other treaters who saw Ms. Meador with respect to any harm she allegedly suffered from the conduct that is newly-asserted in the proposed third amended complaint. Since all of Ms. Meador's treaters are yet to be deposed, defendants will be able to ask these doctors about all of Ms. Meador's alleged physical or psychological damages – including those allegedly stemming from conduct newly asserted in the proposed third amended complaint.

12

Accordingly, the Court will allow plaintiffs to file a third amended complaint containing Ms. Meador's Title VII claims. As a condition for allowing this amendment, and in order to insure that defendants will not be prejudiced by it, the Court further orders that Ms. Meador appear for an additional session of deposition testimony, not to exceed two hours, at some mutually agreeable date prior to June 30, 2002. That deposition will be limited to questioning about the newly-asserted allegations in the third amended complaint. The Court further orders that plaintiffs will be held to the representation they made in open court on May 9, 2002, and will not be permitted to take *any* further non-expert fact discovery as a result of this amendment.

**B.**

The motion for leave to add Messrs. Devane and Wallace as parties to the Section 1983 sexual harassment and retaliation claims stands on a different footing. When a plaintiff attempts to add new parties to a case at the eleventh hour, after virtually all of the discovery has been completed, there is a substantial risk of undue prejudice – both to the parties who would be added and to the previously-named parties. The newly-added parties enter the case without having had an opportunity to participate in, or to shape, the prior discovery. They are required to try to make up for lost time by rapidly assimilating the often-substantial amount of discovery material that has been generated prior to their entry into the case. As for the existing parties, they suffer the prejudice of delay that likely will follow upon the entry of new parties to the case.

The concern about delay that would be occasioned by the addition of new parties is not merely hypothetical. Under Federal Rule of Civil Procedure 32(a), depositions taken in a case only "may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof [and declined to attend]." Thus, when new parties are added to the

13

case, the depositions previously taken may not ordinarily be used against them as depositions. *See, e.g., Hoover v. Switlik Parachutes Co.*, 663 F.2d 964, 966 (9th Cir. 1981) (depositions taken prior to the joinder of a party in a lawsuit could not be used as depositions against that party on a summary judgment motion). Various courts have addressed the complexities created by this rule by allowing depositions to be used as affidavits on summary judgment, *Switlik, id.*; *In re Dual-Deck Video Cassette Recorder Antitrust Litigation ("Dual-Deck")*, No. Civ. 87-987, 1990 WL 126500, * 11 (D. Ariz. July 25, 1990); by allowing the newly-added party to serve written discovery, *Switlik*, 663 F.2d at 966; or by allowing the reopening of discovery to retake depositions of witnesses previously deposed, *Dual-Deck*, 1990 WL 126500, * 11; *In re Domestic Air Transportation Antitrust Litigation*, 90-CV-2485, 1990 WL 358009, * 10 (N.D. Ga. Dec. 21, 1990).

What all of these different approaches have in common is that they inevitably will result in discovery being extended. And, the later in the case that the addition of parties takes place, and the more discovery that previously has been taken, the longer the extension is likely to be. It is not surprising, then, that courts have denied leave to amend to add parties when discovery has been closed. *See Lichtenstein v. Kidder, Peabody & Co., Inc.*, 777 F. Supp. 423, 427 (W.D. Pa. 1991) ("it would be unduly prejudicial to require Mr. Chuang, who has not participated in discovery, to attempt now to formulate a defense to the plaintiff's allegations, particularly when discovery has already closed"); *see also Atchinson v. District of Columbia*, 73 F.3d 418, 426-27 (D.C. Cir. 1996) (rejecting motion for leave to amend to name a defendant, already being sued in his official capacity, to be named in this individual capacity as well).

The Court finds that, here, these concerns apply and counsel against granting plaintiffs' request to add Messrs. Devane and Wallace to the proposed third amended complaint. In particular,

14

we note that non-expert fact discovery has now come to a conclusion (with the exception of depositions of plaintiffs' treaters). Approximately twenty depositions have been taken, excluding those of Messrs. Devane and Wallace. It would be unfair to add these individuals to the case after discovery has been completed; and it would result in the extension of discovery, which would cause further delay and expense.

Plaintiffs argue that the addition of Messrs. Devane and Wallace to the complaint nonetheless should be allowed. Plaintiffs' claim that they could not have added these defendants earlier because the discovery that disclosed their involvement was produced only recently (Pls.' Reply at 3-4). For the following reasons, we disagree.

*First*, the core allegation against Messrs. Devane and Wallace is that they failed to properly address plaintiffs' complaints, and thus condoned the alleged sexually harassing conduct and perpetuated a hostile work environment. In the second amended complaint which plaintiffs sought leave to file on April 14, 2001, the plaintiffs specifically alleged that they brought complaints about sexually harassing conduct to Mr. Devane and to Mr. Wallace (Second Amended Complaint, ¶¶ 41-51), but obtained no relief. Plaintiffs do not explain why, having made that allegation in the second amended complaint, the plaintiffs elected not to name Messrs. Devane and Wallace as defendants at that time.

*Second*, assuming that plaintiffs believed they did not have a sufficient basis for adding Messrs. Devane and Wallace to the second amended complaint in April 2001, plaintiffs nonetheless long ago possessed much of the information that they now assert in the third amended complaint. Plaintiffs deposed Mr. Wallace on July 20, 2001 (Doc. #140: Joint Discovery Statement, at 2), and at that time had ample opportunity to find out the extent of Mr. Wallace's involvement – as well as

that of Mr. Devane, his superior. In addition, in July 2001, plaintiffs deposed Edward Healy (Director of Internal Affairs of DCSI) and Margaret Hemsley (an investigator for the Office of Inspector General), who investigated certain complaints the plaintiffs claimed Messrs. Devane and Wallace failed to properly act upon (*Id.*, at 1). The depositions of these witnesses should have provided plaintiffs with sufficient information to allow them to understand the roles of Mr. Wallace and Mr. Devane, and to decide long ago whether they should be added as defendants.

*Third*, the Court does not agree with plaintiffs' assertion that they only "recently" received documents through discovery that fully disclosed the roles of Messrs. Devane and Wallace. Most of the documents that plaintiffs cite for this proposition (Pls.' Reply, at 4, Ex. C, D, and E) were produced at various dates in November 2001.[4] Plaintiffs also cite documents showing that Mr. Wallace allegedly signed off on recommended findings by the Office of the Inspector General when he was an "Accused" in a complaint brought by someone other than the plaintiffs, and that Messrs. Devane and Wallace approved a disciplinary action less than termination despite a "zero tolerance policy" (Id., at Exhibit I). As to the first point, the complaint file provided by plaintiffs shows that the allegation against Mr. Wallace was withdrawn, which makes it difficult to understand why it was improper for Mr. Wallace to participate in the review of the complaint. Moreover, assuming there was an impropriety, plaintiffs do not disclose what significance it has for their decision to add Mr. Wallace to the proposed third amended complaint, since that particular complaint did not involve the plaintiffs. As for the second point, the documents showing that Messrs. Devane and Wallace approved discipline less severe than termination were not produced

---

[4]We make a determination about the dates upon which certain documents were produced based on a chart that plaintiffs produced in connection with a different motion they recently filed, which sets forth the dates on which certain ranges of Bates numbered documents were produced by the defendants.

16

until April 16, 2002 – several weeks after the motion for leave to file a proposed third amended complaint was filed. Thus, plaintiffs' decision to add Messrs. Devane and Wallace could not have been based on these documents.

In short, we find that the plaintiffs have not offered a persuasive explanation for failing to seek leave to add Messrs. Devane and Wallace well before the close of discovery. We further find that the addition of those individual defendants at this late date would create undue prejudice. Accordingly, the motion for leave to amend is denied insofar as it seeks to add Messrs. Devane and Wallace as party defendants.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Leave to File a third amended complaint is DENIED insofar as it seeks to add Mr. Devane and Mr. Wallace as defendants; in all other respects, the Motion for Leave to File a third amended complaint is GRANTED.[5] Plaintiffs shall file their third amended complaint, as narrowed by this Order, on or before May 24, 2002. Defendants shall file their response to the third amended complaint on or before June 13, 2002.

**ENTER:**

_____
SIDNEY I. SCHENKIER
**United States Magistrate Judge**

**Dated: May 20, 2002**

---

[5]We note that in deciding whether to allow an amended pleading, the Court need not take an "all or nothing approach"; a proposed amended pleading may be allowed by the Court in a narrowed form. WRIGHT, MILLER & KANE, Civil 2d: § 1486, at 610.